IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT GRANT THOMAS, JR., )
)
      Plaintiff, )
)
    v. ) Civil Action No. 13-0256
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

O R D E R

AND NOW, this 23rd day of February, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] In essence, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (i) failing to give appropriate weight to the opinions of Plaintiff's treating physician and chiropractor; and (ii) failing to consider adequately Plaintiff's subjective complaints in making his residual functional capacity ("RFC") assessment. See Plaintiff's Brief (Document No. 10 at 11, 19). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinions of disability rendered by Gregory Murray, D.O., Plaintiff's treating physician, and Jack Vandervort, D.C., Plaintiff's treating chiropractor. It is well-established that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his] reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).

The Court finds that substantial evidence supports the ALJ's evaluation of the opinions presented in this case. Throughout his decision, the ALJ clearly considered the relevant evidence in the record, provided discussion of the evidence to support his evaluation, and ultimately concluded that the opinions of Plaintiff's treating physician and chiropractor were not supported by the evidence as a whole. (R. 19-24). For example, the ALJ noted that Dr. Murray "opined that pain would prevent the claimant from standing or sitting for prolong[ed] periods and would result in a need for the claimant to lie down at unpredictable times." (R. 22, 512). In his analysis, however, the ALJ detailed Plaintiff's overall treatment history and concluded that Dr. Murray's opinion merited only being afforded "moderate evidentiary weight." The ALJ noted that Dr. Murray's opinion was "vague," as it provided "very little explanation of the evidence relied on in forming that opinion." (R. 22). The ALJ further explained that, although not properly prepared in this case, medical opinions should contain "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity [of] the claimant's impairment, including symptoms, diagnosis and prognosis, what the claimant can still do despite impairment, and physical or mental restrictions." (R. 22). In comparison, Dr. Murray's opinion consists of a one-page check-off form which includes, among several questions, a yes/no option for whether the opinion was "based upon observation and examination of the patient, pertinent findings, and review of treatment records." (R. 512). Dr. Murray's opinion includes no discussion, explanation or details to justify his statement. "Form

reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the ALJ ultimately found that, although "it is feasible the claimant would not be able to stand or sit for prolonged periods, the evidence of record does not support a need for the claimant to lie down at unpredictable times." (R. 22).

Chiropractor Vandervort's opinion, likewise, is comprised of a one-page check-off form identical to that submitted by Dr. Murray, which also "opined that pain would prevent the claimant from standing or sitting for prolong[ed] periods and would result in a need for the claimant to lie down at unpredictable times." (R. 22, 514). As with regard to Dr. Murray's opinion, the ALJ stated that chiropractor Vandervort's opinion was given only "moderate evidentiary weight," as it is similarly lacking in specificity. (R. 22-23). Moreover, regardless of the weight given to either of these opinions, the ALJ noted that "the sit/stand option of the claimant's residual functional capacity combined with his usual lunch and standard two breaks per day accommodates the claimant's functional limitations." (R. 22).

The ALJ also noted that Dr. Murray additionally provided an extremely brief letter stating, "Please be advised that Mr[.] Thomas suffers from a permanent disability which prevents him from maintaining active employment. Thank you for your consideration." (R. 22, 513). The ALJ stated that the opinion contained in this letter of Dr. Murray's was given only "slight evidentiary weight." (R. 22). Once again, in addition to the opinion being noticeably vague, a treating physician opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

Therefore, upon review, the Court finds that the ALJ properly discharged his duty to address the opinions of Plaintiff's treating physician and chiropractor in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the opinion evidence and his ultimate decision not to give it controlling weight in making his determinations.

Secondly, in a related argument, Plaintiff asserts that the ALJ failed to properly consider Plaintiff's subjective complaints in reaching his ultimate RFC determination. In support of this claim, Plaintiff argues that the ALJ, in finding Plaintiff's testimony to be not credible, cannot find that the severity of Plaintiff's symptoms is not supported by objective medical evidence since the ALJ did not adequately assess such evidence earlier in the evaluation process. The Court finds, however, that the ALJ did in fact properly address the medical opinion evidence, as discussed above, and he also properly considered Plaintiff's subjective complaints—and ultimately accounted for all of the limitations resulting from Plaintiff's impairments—in forming his RFC determination.

Plaintiff's subjective complaints of pain alone are not sufficient to establish disability. See 20 C.F.R. §§ 404.1529(a), 416.929(a). In evaluating Plaintiff's subjective complaints, the ALJ had to consider, first, whether Plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment was found, the ALJ then had to evaluate the intensity and persistence of Plaintiff's symptoms to determine the extent to which those symptoms limit Plaintiff's ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms, such as pain, can include daily activities, medications and medical treatment). In making his finding here, the ALJ concluded that,

although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" his RFC assessment. (R. 20). In his decision, the ALJ described Plaintiff's medical treatment and subjective claims of pain in connection with his alleged impairments, and found that the objective findings of record and Plaintiff's treatment history did not fully support the limitations he alleges.

Primarily, Plaintiff complains that he is unable to work due to back and neck pain (R. 21-24), and the ALJ agreed that the medical records establish that Plaintiff has, among other severe impairments, degenerative disc disease of the lumbar and cervical spine (R. 17). However, the ALJ found that "[a]lthough the claimant experiences symptoms from degenerative disc disease and adjustment disorder, the level of severity, which he alleges, is not supported by his activities of daily living or the objective medical evidence." (R. 21). Later records indicate that Plaintiff's degenerative disc disease seemed to be stable, there was no significant nerve impingement requiring surgery, and Plaintiff indicated that he was benefiting from his chiropractic treatment. (R. 21).

Moreover, Plaintiff admitted certain abilities which provide support for the RFC conclusion in the ALJ's decision. (R. 21). Plaintiff stated that he wanted to rejoin the Army Reserves, and he, significantly, told the Army examiner that "back problems did not limit his activities at home." (R. 21). Plaintiff reported that he was able to work on cars, do chores, and take care of his three small children, of whom he has partial custody. (R. 21-22). The ALJ also noted that Plaintiff "further stated that he had no problems climbing steps and he could safely drive a car." (R. 21). At his hearing before the ALJ, Plaintiff testified "that he was dishonest about his statements in order to trick the VA into giving him a physical examination." (R. 21). Regardless of whether this explanation helps or hinders Plaintiff's credibility, "the objective physical examination demonstrated that the claimant had full strength in his upper and lower extremities throughout with no abnormal muscle tone noted. He sat and stood independently and did not require an assistive device to ambulate." (R. 21-22). The ALJ noted, in summary, that "[a]s this inconsistent information was a conscious intention to mislead, it suggests that other information provided by the claimant generally may not be entirely reliable." (R. 22). After thorough evaluation in his decision of all of these considerations, the ALJ reasonably found Plaintiff's testimony and reports to be less than fully credible. (R. 20).

In sum, the ALJ addressed all relevant evidence in the record and thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not adopting the medical opinions which identify questionable limitations and indicate an inability to work. The Court finds, further, that the ALJ properly considered Plaintiff's subjective complaints and that substantial evidence supports the ALJ's determination that Plaintiff retains the ability to perform work consistent with his RFC finding. Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 9) is DENIED and Defendant's Motion for Summary Judgment (Document No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record